**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 03-4903**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID H. CAMPBELL,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (CR-02-13)

————————

Submitted:  May 26, 2004          Decided:  August 9, 2004

————————

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Melissa J. Kimbrough, Columbia, South Carolina, for Appellant.
J. Strom Thurmond, Jr., United States Attorney, Christopher Todd
Hagins, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David H. Campbell appeals his conviction on one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). He contends that the district court erred in refusing to instruct the jury on the affirmative defense of justification. We affirm.

On September 23, 2001, Campbell was awakened by Tracy Thompson, who thought intruders were at their home. Campbell looked through a peephole in the front door and saw two men; one appeared to be carrying a gun. Someone shook the doorknob. Campbell, a convicted felon, grabbed a handgun from Thompson's purse and ran after the intruders. He returned to the house and told Thompson he had chased off two men but there were two others unaccounted for. He instructed Thompson to call the police and went back outside, again with the gun. Deputies arrived, and Deputy Marsh found Campbell in the woods. Campbell was standing still and smoking a cigarette, and the handgun was in his waistband. Campbell testified that he was waiting for deputies to arrive.

We conclude that the district court correctly denied Campbell's request for a justification instruction. At the time Deputy Marsh found Campbell, Campbell was not under a present, specific, imminent threat of death or injury. Furthermore, instead of going back into the woods, he and Thompson could have left the

home or waited inside the home for deputies to arrive. At least two of the four elements that a defendant must establish in order for a court to instruct on justification were thus absent in this case, see <u>United States v. Crittendon</u>, 883 F.2d 326, 330 (4th Cir. 1989), and the court did not err in refusing the requested instruction. See <u>United States v. Perrin</u>, 45 F.3d 869, 871 (4th Cir. 1995); <u>United States v. Sarno</u>, 24 F.3d 618, 621 (4th Cir. 1994).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -